IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

DERRICK D. JOHNSON     PLAINTIFF

V.     NO: 4:14CV00111 KGB/HDY

DOC HOLLADAY *et al.*     DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff Derrick D. Johnson, who was formerly held at the Pulaski County Detention Center, filed a *pro se* complaint on February 24, 2014, asserting that Defendants Doc Holladay and Randy Morgan violated his constitutional rights when they "locked down" his housing area when it was being supervised by one deputy while another deputy went on break. On October 2, 2014, Defendants filed a motion for summary judgment, a brief in support, and a statement of facts (docket entries #37-#39). Although Plaintiff has been granted additional time to respond (docket entry #40), he has not done so.

### I. Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the

nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th. Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II. Analysis

According to Plaintiff, P, Q, R, and S, pods at the detention center are "locked down," for most of the A and B shifts because only one deputy is available to supervise the two pods during jail employee breaks. Plaintiff asserts that when he is in one of those pods, he has more difficulty contacting his attorney than do other inmates in pods which are designated for inmates of the same classification level as Plaintiff.

As Defendants assert in their motion for summary judgment, Plaintiff has offered no evidence that he was denied the minimal civilized measure of life's necessities during the lock down period at the detention center. *See Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir.1996) (discussing requirements to establish a condition of confinement claim). Moreover, Plaintiff has offered no proof that any legal case was impaired because of any lack of access to his attorney, and he has not provided any evidence that any difference in treatment of the inmates in Plaintiff's housing area and that of inmates in another housing areas was motivated by any unconstitutional motive. Accordingly, Defendants' motion for summary judgment should be granted and Plaintiff's complaint should be dismissed.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion for summary judgment (docket entry #37) be GRANTED, and Plaintiff's complaint be DISMISSED WITH PREJUDICE.

2. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this __12__ day of November, 2014.

_____
UNITED STATES MAGISTRATE JUDGE